IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03007-M-RJ

| | | |
|---|---|---|
| GARY L. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LT. WARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 10, 2025, Gary L. Davis ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 7].

The court now conducts its initial review of the complaint under 28 U.S.C. § 1915A and, for the reasons discussed below, dismisses the action for failure to state a claim upon which relief may be granted.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

### Plaintiff's Complaint:

Plaintiff generally alleges that Lt. Ward, Unit Manager Uoala, Custody Staff Sumpter, and a John Doe Unit Manager violated his Eighth Amendment rights at Tabor C.I. on February 12, 2024. See Compl. [D.E. 1] at 3–5.

Plaintiff specifically alleges that: he was "placed in (RHAP) for a fight investigation"; while waiting to be transferred to the main unit, two other offenders being investigated "became combative with" Unit Manager Uoala and a John Doe Unit Manager, both of whom "became

2

upset"; plaintiff asked Unit Manager Uoala and the John Doe Unit Manager to "please make a notice or tell the main unit staff we didn't eat because it's almost dinner time"; "the Unit Manager [sic] looked at me & said nope & laugh [sic]"; once the offenders got to the main unit, plaintiff "told Lt. Ward I'm hungry & we didn't eat, he said (oh well) [sic]"; once in Red Unit confinement, plaintiff informed "Officer working Ms. Sumpter [sic]" that he hadn't eaten and that the last meal of the day was still being served, but he "was still denied a tray or a pack out lunch"; he "suffered [through] the night until breakfast" and his stomach ached "all night long." See id. at 5–6.

For relief, plaintiff seeks $50,000.00 "to ensure that something like this never happens again" or to "place [him] back in minimum custody & immediately [sic] work release." Id. at 8.

### Discussion:

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation and emphasis omitted). The second prong requires a showing that "the officials acted with a sufficiently culpable state of mind." Id. (quotation and emphasis omitted); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

Because the alleged deprivation – the intentional denial of a dinner meal on a single day – is not objectively sufficiently serious, plaintiff fails to state a claim of a constitutional dimension.

3

See De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (surviving initial review requires a plausible claim both "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." (quotation and alterations omitted)); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (noting only "extreme deprivations" – *i.e.*, a "serious or significant physical or emotional injury resulting from the challenged conditions" or a substantial risk thereof – satisfy the objective component of Eighth Amendment conditions-of-confinement claims); Strickler, 989 F.2d at 1379; White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming dismissal of prisoner's Eighth Amendment claim that he missed one meal as indisputably meritless); see also Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (holding a missed meal does not rise to the level of cruel and unusual punishment); Islam v. Jackson, 782 F. Supp. 1111, 1114 (E.D. Va. 1992) (finding missing one meal as isolated event did not satisfy the objective element of an Eighth Amendment claim).

Plaintiff's complaint also cannot be cured by amendment and dismissal is appropriate. Cf. Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

## Conclusion:

For the reasons discussed above, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED this 21st day of January, 2025.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge